UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**CRAIG G. JOHNSON**
   **Plaintiff,**

  v.              **CIVIL ACTION NO. 16-12493-GAO**

**CITY OF CAMBRIDGE et al.,**
   **Defendants.**

### MEMORANDUM AND ORDER

**O'TOOLE, D.J.**                       January 12, 2017

  For the reasons stated below, plaintiff's motion to proceed *in forma pauperis* is allowed. He shall file an amended complaint within 21 days that complies with the pleading requirements of the Federal Rules of Civil Procedure.

**I.**  **Background**

  On December 6, 2016, *pro se* plaintiff Craig Johnson filed a self-prepared form civil rights complaint. The form complaint incorporates by reference three hand written pages of summary, disjointed, and confusing allegations. Essentially, plaintiff appears to allege that various law enforcement agencies have historically, and are currently, harassing him. Specifically, he claims the Middlesex County House of Corrections, Stoughton Police Department, Cambridge Police Department and City of Cambridge have committed civil rights violations. Along with his complaint, plaintiff filed a motion proceed *in forma pauperis*.

**II.**  **Discussion**

  **A.**  **Plaintiff's Motion to Proceed *In Forma Pauperis* is Meritorious.**

  The Court has reviewed the plaintiff's motion to proceed *in forma pauperis*, finds that it is meritorious, and it is hereby ALLOWED. Because plaintiff is proceeding *pro se*, his complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), and must be dismissed if the court

finds that any portion of the complaint is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Id. In connection with this preliminary screening, plaintiff's *pro se* complaint is construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

### B. Plaintiff Must Amend his Complaint to Comply with the Basic Pleading Requirements of the Federal Rules of Civil Procedure.

Plaintiff's form complaint and accompanying materials fails to comply with the basic pleading requirements of the Federal Rules of Civil Procedure. Before the case can proceed, the plaintiff must file an amended complaint that complies the Federal Rules of Civil Procedure within 21 days of the date of this Memorandum and Order. The amended complaint must include, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense." Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). "In a civil rights action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why…." Educadores PuertorriqueZos en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal. . .'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The amended complaint must clearly identify the claims and relief the plaintiff seeks and provide sufficient factual basis for each of the elements of the claims that he asserts. While a pleading may include exhibits that are relevant

to the claims, see Fed. R. Civ. P. 10(c), use of exhibits does not relieve plaintiff of his responsibility to clearly set forth the relevant allegations in the body of the complaint. The Court also notes the "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). And the claims in the amended complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Because an amended complaint generally completely supersedes the original complaint, plaintiff should repeat in his amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint. See Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008); but see Steele v. Turner Broadcasting System, Inc., 746 F. Supp. 2d 231, 235 (D. Mass. 2010) (Gorton, J.)(*pro se* original complaint and amended complaint construed together, but only with permission of the court). The amended complaint should stand alone on its own merits. Plaintiff may not, for example, incorporate by reference allegations from prior complaint into the amended complaint.

### III. Conclusion and Order

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's motion to proceed *in forma pauperis* is hereby ALLOWED.
2. Plaintiff shall within 21 days of the date of entry this Order file an amended complaint that complies with the Federal Rules of Civil Procedure.
3. Failure to comply with this Order will likely result in dismissal of this action.

**So Ordered.**

                                    /s/ George A O'Toole, Jr.
                                    **UNITED STATES DISTRICT JUDGE**